FILED '08 NOV 03 15:37 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GREG KUHNLE,

    Plaintiff,

vs.

LITHIA MOTORS, INC.
an Oregon Corporation,

    Defendant.

Civ. No. 08-06209-TC

FINDINGS AND RECOMMENDATION

Coffin, Magistrate Judge:

Defendant Lithia Motors requests that the Court stay these proceedings pending arbitration pursuant to an arbitration clause contained in an employment agreement (#5). Plaintiff opposes the stay and contends that the arbitration agreement is unconscionable and therefore unenforceable. For the following reasons, defendant's motion to stay should be granted.

## Background

Plaintiff brought this age discrimination and wrongful

1 Findings and Recommendation

discharge action against his former employer, defendant Lithia Motors, requesting a jury trial. Defendant subsequently requested that this Court stay the proceedings to allow the parties to arbitrate the matter pursuant to a 2005 employment agreement signed by the parties. That agreement states that "the Company promotes a system of alternative dispute resolution which involves binding arbitration to resolve all disputes which may arise out of the employment context." The contract also states that "the arbitrator shall be authorized to grant any relief that would be available in a court of competent jurisdiction."

Notably, paragraph 3 of the contract states that "[e]ach party shall bear the costs of their own attorney fees." Plaintiff opposes a stay based on that provision, contending that it makes the agreement unconscionable.

## Standard

Defendant moves to stay the proceedings pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, specifically section 3, which states that "[i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had . . . ." The FAA further states that written agreements to arbitrate arising out of transactions involving interstate commerce "shall be valid,

2 Findings and Recommendation

binding, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. If the issue is referable to arbitration under the agreement, then the court must direct the issue to arbitration and stay the trial. 9 U.S.C. § 3. An agreement to arbitrate is to be "rigorously enforce[d]." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 221 (1985).

We apply "ordinary state-law principles that govern the formation of contracts" when determining the validity of an arbitration agreement. Roque v. Applied Materials, Inc., No. CV 03-1564-ST, 2004 WL 1212110, at *5 (D. Or. Feb. 20, 2004) (citing Circuit City Stores, Inc. v. Adams, 279 F.3d 889, 892 (9th Cir. 2002)). Under Oregon law, unconscionability is "a legal issue that must be assessed at the time the contract was formed." Id. (citing Best v. U.S. Nat'l Bank of Or., 739 P.2d 554, 556 (Or. 1987).

Unconscionability has "both a procedural and a substantive component." Vasquez-Lopez v. Beneficial Oregon, Inc., 152 P.3d 940, 948 (Or. App. 2007); see also Motsinger v. Lithia Rose-FT, Inc., 156 P.3d 156, 159-60 (Or. App. 2007). Procedural unconscionability refers to "the conditions of contract formation and focuses on two factors: oppression and surprise." Vasquez-Lopez, 152 P.3d at 948. Oppression refers to inequality in bargaining power, precluding meaningful negotiation and choice. Surprise "involves the extent to which the supposedly agreed-upon terms of the bargain are hidden in a prolix printed form drafted by the party seeking to enforce the terms." Id. (quoting Acorn v. Household Intern, Inc., 211 F. Supp. 2d 1160, 1168 (N. D. Cal.

3 Findings and Recommendation

2002)). Substantive unconscionability refers to the terms of the contract rather than formation.

In Oregon, "substantial disparity in bargaining power, combined with terms that are unreasonably favorable to the party with the greater power may result" in an unconscionable provision. Carey v. Lincoln Loan Co., 125 P.3d 814, 828 (Or. App. 2005), aff'd, 157 P.3d 775 (Or. 2007). Such a scenario may involve deception or lack of genuine consent. Id. Both procedural and substantive unconscionability are relevant in Oregon, but only substantive unconscionability is "absolutely necessary." Vasquez-Lopez, 152 P.3d at 948. However, each case is decided on its own facts. Id.

## Discussion

Plaintiff does not make a procedural unconscionability argument. Plaintiff makes a substantive unconscionability argument, contending in its opposition that Motsinger v. Lithia Rose-FT, Inc. controls because it is "peculiarly instructive" and involves the "very agreement" at issue in this case. Plaintiff is partly correct in that, although we do not have a complete copy of the Motsinger agreement, many, but not all, of the quoted provisions are identical. Although it is not clear whether the Motsinger agreement contained the language that "each party shall bear the costs of their own attorney fees," the court in that case focused on what the arbitration clause did not do: it did not exclude punitive or statutory damages or preclude an award of attorney fees "when otherwise provided by law." Motsinger, 156 P.3d at 166. The arbitration agreement in Motsinger was

4 Findings and Recommendation

enforceable.

In Hamrick v. Aqua Glass, Inc., Civ. No. 07-3089-CL, 2008 WL 2853992, at *5 (D. Or. Feb. 20, 2008), a similar policy stated that "[e]ach party is solely responsible for the cost of any attorney who might be retained." However, the policy also stated that the arbitrator would have the same power and authority as a judge to grant "monetary or other such relief as may be in conformance with applicable principles of common, decisional, and statutory law in the relevant jurisdiction." Id. The applicable rules for arbitration allowed the granting of attorney's fees and costs, and the defendant conceded at oral argument that if the plaintiff prevailed on her claims, she would be entitled to an award of attorney fees. Id. Although the court held that the agreement was unconscionable because it allowed the plaintiff to conduct only one deposition, the attorney fee contradiction did not render the agreement unenforceable.

In Asadourian v. Kuni German Motors, LLC, Civ. No. 07-240-HA, 2007 WL 4388490, at *6 (D. Or. Dec. 13, 2007), the court rejected another challenge to similar language in an arbitration agreement. That agreement stated that the employee would have the right to "hire legal representation, paid for by me." The agreement also stated that "the resolution of the dispute shall be based solely upon the law governing the claims...and the arbitrator may not invoke any basis...other than such controlling law." The court stated, and the defendants had acknowledged, that the provision "secured for the plaintiff any statutory right the plaintiff had to make the defendants pay for his attorney

5 Findings and Recommendation

fees." Id. at *6. In both Hamrick and Asadourian, the court found that the provisions, to the extent that they, in essence, allowed the plaintiff to recover attorney fees if she prevailed, were enforceable.

The arbitration agreement at issue here contains similarly contradictory language: each party will bear her own attorney fees, but "[t]he arbitrator shall be authorized to grant any relief that would be available in a court of competent jurisdiction." Based upon the foregoing precedents, and because we are to resolve any ambiguity against the drafter, see Barcellos and Wolfsen, Inc. v. Westland Water Dist., 899 F.2d 814 (9th Cir. 1990), the attorney fee language in this arbitration agreement does not render it substantively unconscionable.

## Conclusion

For the foregoing reasons, defendant's motion to stay (#5) should be granted.

Dated this 3 day of November, 2008.

THOMAS M. COFFIN
United States Magistrate Judge

6 Findings and Recommendation